MOODY vs. THE MAYOR &c. OF THE CITY OF NEW YORK.

The owners of a pier are liable for injuries sustained by an individual by rea-
son of its defective construction and dangerous condition, notwithstanding
the premises are, at the time, in the possession of a tenant who has cove-
nanted to keep the pier in repair, if the defects existed when the owners
leased the property to him.

ON the 24th of March, 1861, the plaintiff's vessel was
caught upon the northerly end of the pier at the foot of
west Thirtieth street, New York, by an obstruction under
water, and she thereby became a total loss.    The complaint
alleged, that her loss was "in consequence of the defective con-
struction and dangerous condition of the said pier," and that
the defendants, "well knowing the same, neglected to prop-
erly construct and keep the said pier in repair."    The evi-
dence presents the following facts : That the plaintiff was the
owner of the vessel; her loss and value; that her loss was
caused "by logs of timber, constituting part of the pier, pro-
jecting five or six feet from the north side thereof, near the
end of it, and which logs were beneath the surface of the
water, only to be seen at low water mark."    George White, a
witness for the plaintiff, shows that he was superintendent of
wharves during 1861, and that "a block was sunk and let out
five or six feet at the north side of the pier at the foot of Thir-
tieth street, and it was up at low-water mark, and was a
permanent obstruction;" that the same was known to the
common council, to the street department, and the comptroller.
The defendants admitted that the wharf in question was con-
structed by the city.    Harvey P. Farrington testified that he
had a lease of the pier in question of the corporation, on the
1st of May, 1861.    He says, "An allowance was made to
me, on account of the obstruction, of $400 a year, to be
deducted from the rent."    In May he made complaint to
the comptroller that the wharf was not in a condition for
vessels to be at the northerly end for a certain distance,
somewhere about one hundred feet; and was told to, and he

Moody *v.* Mayor &c. of New York.

did, make a complaint to the street commissioner. The comptroller allowed him $400 a year until the pier should be fixed, and it was not fixed.

The defendants having rested their case, moved that the complaint be dismissed, upon the following grounds, namely: 1. That the slips, wharves and piers in the city of New York are not highways or public streets, and the defendants are not bound to keep them in repair, and are not liable for damages occasioned by an obstruction beneath the surface of the water in the slip. 2. That the pier having been shown to have been leased by the defendants to Farrington, and in his absolute possession at the time of the accident, the corporation are not liable. 3. That the lessee (Farrington) having covenanted with the corporation, in the lease, to make all necessary repairs during the term of the lease, the corporation is not liable. 4. That the tenant is bound to repair, in the absence of any agreement upon the part of the owner to that effect; and the corporation is therefore not liable for an injury resulting to the plaintiff from a want of repair. The court denied the motion, and the defendants' counsel excepted. The jury found a verdict for the plaintiff of $500, and thereupon, at the request of the defendants, twenty days were given to prepare a case, and the exceptions to be heard, in the first instance, at the general term.

*Wm. Jay Haskett*, for the plaintiff. I. The motion for a nonsuit was properly denied. (1.) Because the defendants defectively constructed the pier, and knowingly allowed it to remain in a dangerous condition, and a permanent obstruction, amounting to a nuisance. (2.) Because Farrington's lease could not exonerate the defendants, because the injury to the plaintiff arose from the *defective construction* and *dangerous condition of the pier*, and not from any want of repairs, arising out of its use. (3.) Because the defendants only leased to Farrington the right to collect wharfage. The lease did not convey the pier to him; and if he failed to

Moody *v.* Mayor &c. of New York.

repair it, then this duty was assumed by, and imposed on, the defendant by the terms of the lease. This point is clearly settled in *Taylor* v. *The Mayor &c.* (4 *E. D. Smith,* 559.)

II. A navigable river is a public highway, and an action lies for obstructing it to the injury of others. (*Shaw* v. *Crawford,* 10 *John.* 236.) Whoever obstructs a highway, or renders its use hazardous, is liable to any one who, without fault of his own, sustains a special injury therefrom. (23 *Wend.* 446. *Congreve* v. *Smith,* 18 *N. Y. Rep.* 79, *affirming S. C.,* 5 *Duer,* 495.) The corporation was bound *to indicate* to the wayfarer *the danger,* in a manner not to be mistaken. (*Ireland* v. *Oswego Plank Road,* 13 *N. Y. Rep.* 526.) "The owner of a vessel sunk in a navigable river is bound to place a buoy over the wreck, to point out the danger." Lord Ellenborough said: "It is a peremptory law of navigation, that when *any substance is sunk in a navigable river,* so as to create danger, a buoy shall be placed over it for the safety of the public. It is of the utmost importance to the property and lives of his majesty's subjects, that such a warning shall be given as will necessarily inform every one engaged in the navigation of the river of the existence of the danger." (*Hammond* v. *Pearson,* 1 *Campb. Nisi Prius,* 515.)

*John E. Develin,* for the defendants, cited *Cheetham* v. *Hampson,* (4 *Term R.* 318 ;) *Mayor &c. of New York* v. *Corlies,* (2 *Sandf.* 301 ;) *Howard* v. *Doolittle,* (3 *Duer,* 464 ;) *Sherwood* v. *Seaman,* (2 *Bosw.* 127.)

*By the Court,* CLERKE, J. None of the cases cited by the counsel for the defendant are available for him. On the contrary, *Cheetham* v. *Hampson* (4 *Term R.* 318) is against him. A case (*Rosewell* v. *Prior, Salk.* 460) was cited by counsel, to show that an action was maintained against the owner of premises, who was not in possession, for a nuisance, in making an erection which stopped ancient lights. Bul-

Gibson .v. Stone.

ler, J., in delivering his opinion in *Cheetham* v. *Hampson*, refers to *Rosewell* v. *Prior*, and remarks that it was very distinguishable from the case then under consideration. "For there," he says, "the owner let the premises with the nuisance complained of, which had been before erected upon them." The injury to the plaintiff in the present case arose not from any want of repairs arising out of the use, but from the defective construction and dangerous condition of the pier. The defendants, the owners, let the pier "with the defect complained of," and are consequently liable for the injury sustained by the plaintiff.

There should be judgment for the plaintiff on the verdict, with costs.

[NEW YORK GENERAL TERM, February 6, 1865. *Ingraham*, *Clerke* and *Sutherland*, Justices.]