8 387
64 183

8h 387
171 NY ¹339

</div>

WILLIAM WALSH, RESPONDENT v. JANE C. MEAD, APPELLANT.

*Improper construction of building, causing snow to fall from roof — liability of owner for injuries resulting from. — Negligence — Landlord and tenant — covenant to repair.*

Where the roof of a building, in a large city, is so constructed as to render the snow falling upon it liable to be precipitated upon the sidewalk, and there is no adequate guard at the edge to retain it, it is, in judgment of law, a nuisance.

Where one passing upon the sidewalk is struck and injured by snow which has slid from a roof, so constructed, the owner of the building is liable for the injuries thereby occasioned, even though the building be at the time in the occupation of a tenant, who is bound to make all needful repairs.

Where premises are affected by a nuisance at the time of their demise, the owner is liable for any injury occasioned by it to a third person, even though the negligence of the tenant contributed thereto.

APPEAL from judgment in favor of the plaintiff, entered on the verdict of a jury.

This action was brought by the plaintiff to recover damages for injuries caused by the sliding of a quantity of snow from the roof of 91 South street, in the city of New York, on the 27th day of January, 1871.

The action was based on the negligence of the defendant as the owner of the premises.

The answer admitted the defendant to have been the owner of the premises, but denied the other allegations of the complaint, and alleged that on the 27th of January, 1871, the premises in question were under lease for a term of years, and that the lessee was in actual possession, under covenants to repair.

It was shown on the trial that the plaintiff was passing on the sidewalk, in front of 91 South street, in company with a man by the name of Anderson, and that a quantity of snow slid from the roof

of the building upon both of them, and caused the injuries complained of.

It was shown that the house had a slanting roof, but did not have a snow-guard on the side toward the street, and that the gutter broke away in the center at the time of the snow-slide.

Evidence was given tending to show that a snow-guard or snow-board is an essential appliance on slant-roofed buildings, for the protection of persons traveling on the walks below, and that one was put upon these premises after the accident.

A girder or stick of timber was near or upon the curb-stone opposite these premises, at the time of the accident, over which it was claimed that the plaintiff was pulled by Anderson when the accident occurred; and prior thereto, and after the defendant had leased the premises, a mansard roof had been placed upon the adjoining building, which extended somewhat above the roof of defendant's premises, and which she claimed rendered the premises more dangerous than at the time of the demise.

*Geo. V. N. Baldwin,* for the appellant. It is a well settled principle of the common law that the occupier, and not the landlord, is bound as between himself and the public, to keep buildings, and other structures abutting upon the common highway, in repair, so that they may be safe for the use of travelers thereon, and is *prima facie* liable to third persons for damages arising from any defect. (*Regina* v. *Watts,* 1 Salk., 357; *Cheetham* v. *Hampson,* 4 T. R., 318; *Regina* v. *Bucknall,* 2 Lord Raymond, 804; *Lowell* v. *Spaulding,* 4 Cush., 277; *Oakham* v. *Holbrook,* 11 id., 299; *Kirby* v. *The Boylston Market Association,* 14 Gray, 249.) In order to hold the landlord, the construction must be not only faulty, but damages must immediately and necessarily flow from the construction; but if the construction be usual, and has been up for years, without damage or danger, the landlord will not be held liable, even though another construction might have avoided it. (*Fish* v. *Dodge,* 4 Denio, 311; *Picard* v. *Collins,* 23 Barb., 444.) The landlord will not be held liable if the construction is not in itself a nuisance, but becomes so either by the method of its use by the tenant, or by neglect on his part; in other words, if he fail to take such care to avoid accident as is incumbent upon every man in the management of property. (*Rich* v. *Basterfield,* 4 C. B., 783;

*Clancy* v. *Byrne*, 56 N. Y., 129 ; *Gandy* v. *Jubber*, 33 L. J. [Q. B.], 151 ; 5 B. & S., 78 ; *Eakin* v. *Brown*, 1 E. D. Smith, 36 ; *City of Lowell* v. *Spaulding*, 4 Cush., 277.)

*W. R. Beebe,* for the respondent. It is well settled that the landlord is liable for injuries resulting from defective construction, or defects existing at the time of the demise, even though the premises were at the time of the accident in the possession of a lessee who had covenanted to do all needful repairs. (*Moody* v. *The Mayor,* 43 Barb., 282; *Whalen* v. *Gloucester,* 4 Hun, 24.) If the plaintiff heard the snow sliding from the roof, and apprehended danger therefrom, it would have been negligence on his part to remain beneath it. It was his duty to flee the imminent peril, and having no time to mature a plan, it would be excusable, if in escaping one danger he should fall upon another. The defendant would be liable as the one whose negligence had put him to the extremity. (Wharton's Law of Negligence, §§ 94, 304, 337, 377 ; *Buel* v. *N. Y. Cent. R. R. Co.,* 31 N. Y., 314 ; *Coulter* v. *Am. Un. Exp. Co.,* 5 Lans., 67 ; *Stokes* v. *Saltonstall,* 13 Peters, 181.)

DANIELS, J. :

The appeal taken in this cause is exclusively from the judgment recovered in the action, and, consequently, questions of law are alone presented for the decision of this court. An appeal upon the law is all that can be taken from a judgment, when it has been entered upon the direction of a single judge of the same court. The only cases in which the facts can be reviewed, by an appeal from the judgment, are those where the trial has been had by the court, or before referees. (Code, § 348.) Where the trial has been by jury, the facts of the case can only be reviewed by way of a motion for a new trial on the minutes, or upon a case, and on an appeal from the order entered upon the decision, when the motion has been heard upon the minutes, or by the Special Term. (Code, §§ 264, 265, 349, sub. 2 ; *Carpenter* v. *Beare,* 4 Hun, 509.) A motion for a new trial was made by the defendant upon the minutes, and denied, but, as no appeal from the order was taken, the objections urged against the verdict on the evidence alone, are not now before this court for its consideration.

The legal points in the case arise upon the motion made for a nonsuit, and the exceptions presented to the charge of the court.

The action was for damages caused by an injury to the plaintiff's person by the sliding of snow from the roof of a building owned by the defendant, and striking the plaintiff as he was passing along the sidewalk. The building was at the time in the possession of a tenant under a lease requiring that the tenant should keep it in repair. And for that reason it has been strenuously insisted that the defendant as owner was not legally liable for the consequences of the accident. That would very clearly be the case if it had resulted from the omission of the tenant to keep the building in repair, or from the manner in which it was used and occupied by him. But the theory of the plaintiff's case was, that the roof of the building had not been properly constructed or guarded by the owner, and that it was for that reason the snow was precipitated from it on the person of the plaintiff. Evidence was given tending to support that view of the fact, and while it was controverted on the part of the defendant, the inquiry as to its truth still remained a proper one for the decision of the jury. And they have found the fact as it was asserted on behalf of the plaintiff. From that it must be assumed, in disposing of this case, that the roof of the building was so constructed as to render the snow falling upon it liable to be precipitated upon the sidewalk below, and that it had no guard at its edge which could be reasonably expected to prevent that result.

A roof so constructed and maintained in a large city is in judgment of law a nuisance, for it necessarily imperils the safety of persons passing below it in the lawful use of the street upon which it fronts. Any act of an individual "though performed on his own soil, if it detracts from the safety of travelers, is a nuisance." (*Shipley* v. *Fifty Associates*, 101 Mass., 251, 253; same case, 106 id., 194, 198, 199.) In one of its essential features, it is true, that case differed from the one now before this court, for it appeared that the landlord had retained the supervision of the building. (See, also, *Kirby* v. *Boylston*, 14 Gray, 249.) But the proposition has been held to be a sound one by nearly all the cases requiring its consideration, that the landlord or owner will remain liable after a lease and exclusive possession under

it taken by a tenant of premises affected by a nuisance at the time of the demise, for an injury occasioned by it to a third person, and, upon general principles, he ought not to be exonerated from that liability, even though the tenant's negligence combines with the same wrong in producing such a result. The erection and maintenance of a nuisance is a wrong, and by leasing the building affected by it to another person, the owner continues it and stipulates for the enjoyment of a profit from it. That has always been held to be sufficient to render him accountable to innocent third persons for the consequences of injuries received by them from it. In the case of *The Mayor of Albany* v. *Cunliff* (2 Comst., 165), it was stated to be the law, that "a party who has erected a nuisance will sometimes be answerable for its continuance after he has parted with the possession of the land. But it is only where he continues to derive a benefit from the nuisance, as by demising the premises and receiving rent, " or where he conveys the property, with covenants for the continuance of the nuisance." (Id., 174, 175; *Hanse* v. *Cowing*, 2 Lans., 288; Taylor's Land. and Ten. [2d ed.], § 206; *Fish* v. *Dodge*, 4 Denio, 311; *Waggoner* v. *Jermaine*, 3 id., 306; *Moody* v. *Mayor, etc.*, 43 Barb., 282; *Irvin* v. *Wood*, 4 Robt., 138; *Irvin* v. *Fowler*, 5 id., 482; *Whalen* v. *Gloucester*, 11 S. C. N. Y. [4 Hun], 24; *Bellows* v. *Sackett*, 15 Barb., 96; *Pickard* v. *Collins*, 23 id., 444; *Conhocton Stone Company* v. *Buffalo, N. Y. and Erie Railway Co.*, 52 id., 390; *Swords* v. *Edgar*, 59 N. Y., 28.) This point was not presented by the case of *Clancy* v. *Byrne* (56 N. Y., 129). And *Leonard* v. *Stover* (115 Mass., 86), which held the owner not to be liable in a case similar to the present one, was considered to have been erroneously decided in the decision made in *Swords* v. *Edgar* (*supra*). This case too is even distinguishable from that, in the circumstance that it cannot be said that the tenant was negligent for not removing the snow, because the injury happened so soon after it fell. The slide, as the jury have found the fact, was not caused by the act or omission of the tenant, but by the steepness of the roof upon which as it melted it could not remain, and it would obviously have been the same if the building had not been leased, but had remained unoccupied; no agency of the tenant intervened to produce the result, but it was solely attributable to the fact that the roof was so steep that it could not

retain the snow, and such a structure must clearly endanger the safety of persons passing upon the walk beneath it.

On the part of the defendant, evidence was given tending to show that another person walking with the plaintiff pulled him sideways against a girder, and in that manner caused the injury of which he complained. And upon that part of the case it was held by the court, and the jury were charged, that if "Anderson jumped on one side over a girder," which was lying in or near the gutter, "and having hold of the plaintiff pulled him sideways and caused Walsh to trip or stumble over the girder," and he was injured in that way, and not struck by the mass of falling snow, then the defendant was not liable. The proposition was clearly and fully stated by the learned judge, and it was all upon this subject which the defendant could reasonably expect should be said, and she had no right to claim that it should be repeated. But after the charge was delivered her counsel requested the court to say that, "if the jury believed from the evidence that the witness Anderson, at the time of the accident, laid hold of the plaintiff and drew him over the girder, and that by reason thereof the injury took place, the falling of the snow is too remote, and the plaintiff cannot recover." That is precisely what the learned justice had previously declared, and nothing had been afterwards said in any degree tending to qualify or change the proposition. If it was obscured by any thing said by way of responding to the proposition again, it could not have been from any design to modify or change it, because it had been so decidedly and unequivocally held before that. But rather from the effort made to secure what was only a repetition of the comments made upon a subject already clearly and justly disposed of in favor of the defendant, but without either withdrawing or repeating what had been so well stated in this connection, the learned justice added that, "if Anderson and Walsh heard this snow, and were both trying to escape the danger of injury therefrom, and Anderson by a sudden impulse, arising from such danger, did pull Walsh to assist him in escaping the danger, the alleged negligence of the defendant is not too remote to be considered as having produced the accident." It will be seen that it was not held that the defendant would be liable if he was injured by being pulled over the girder, and in view of what had been

so clearly said before, that could not have been intended nor understood by the jury. For the purpose of considering the effect, the charge must be regarded as an entirety. And that renders it apparent, that what was to be understood from this statement was, that the defendant was not entitled to be exonerated from liability, even if Anderson, acting upon a sudden impulse created by the presence of danger, pulled the plaintiff to assist him in escaping, if the falling snow still produced the injury. That construction is required by the circumstances that it had been previously held in distinct and unqualified terms, that the defendant was not liable if the plaintiff was injured by being pulled against the girder, and the omission to state that the defendant would be liable for the consequences of such an act in response to this request. The court did not decline so to charge, because that had already been done, and what had been said upon the subject was left without qualification. There was no ground, therefore, on which an exception to a refusal could properly be placed.

The court was also requested to charge: "That if the independent act of a third person intervened between this wrong complained of and the act which was the immediate cause of the injury, the injury was too remote, and the plaintiff cannot recover." To that the court responded: "If Anderson and the plaintiff, Mr. Walsh, when going up South street, saw or heard this mass of snow coming, and both Anderson and Walsh, by a sudden impulse to avoid the snow, jumped one side, and in that way the plaintiff was injured, then the defendant's negligence would not be too remote, because they would not have jumped but for the falling of the snow, and the danger in which they were placed by its fall." No exception was taken to this proposition, nor to any supposed omission to embody in it the full effect of the request. But if there had been to the omission to charge it as it was stated, it would be completely answered by the fact that the court had already charged it, so far as it was applicable to what the evidence on the part of the defendant tended to show, that such an independent act had intervened and caused the injury. The proposition, which was stated in this connection by the court, in substance, was, that if the plaintiff, actuated by fears of apparent danger, was injured in his endeavors to avoid it, that would not of itself relieve the defendant from liability

And that seems to be sound, and sustained by authority. (*Buel* v. *New York Central R. R. Co.*, 21 N. Y., 314; *Coulter* v. *American M. U. Exp. Co.*, 5 Lans., 67; *Stokes* v. *Saltonstall*, 13 Peters, 181.)

It has also been claimed, that the court should have allowed greater effect than was given to the circumstance of other buildings being in the same condition as this one; and to a change made in the elevation of an adjoining building. As to the latter, it was held that the defendant was not liable if that caused the accumulation of the snow. And the former was also charged, with the qualification that the defendant should have adopted such safeguards to prevent the sliding of the snow from the roof, as was sanctioned by more modern experience than that existing when the building was erected. That seems to have been entirely sound. But if it were not, as no exception was taken in either case, the judgment could not be reversed by reason of it. The only exception taken was at the end of the charge, and then only to the proposition held concerning the act of Anderson in pulling the plaintiff. But if that could be extended so far as to nominally include all that had been said by way of response to the requests, it would be too general and indefinite to be of any service to the defendant. (*Walsh* v. *Kelly*, 40 N. Y., 556; *Requa* v. *City of Rochester*, 45 id., 130; *Ayrault* v. *Pacific Bank*, 47 id., 570.) The charge upon the whole case was as favorable as the defendant was entitled to have it under the evidence. And if "the minds of the jury were confused, and discriminations they might otherwise have made were prevented," it was evidently because the charge, as it was delivered, was obscured by the responses made at the defendant's request. It not unfrequently proves to be the case, that an entirely just and proper charge is rendered of but little benefit to the party whose rights have been carefully guarded by it, in consequence of detached propositions requiring portions of it to be repeated, or the court to extend them farther than either the law or the evidence would appear to justify. That may be unfortunate for the party insisting upon it, but the court would not be justified in distorting or harshly construing the charge as an entirety, to relieve the party from its effects.

The judgment should be affirmed.

Davis, P. J., and Brady, J., concurred.

Judgment affirmed.