## SUPREME COURT.

JAMES McGUINESS agt. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

*`Damages — defective piers — liability of corporation.*

The corporation of the city of New York, as owners of the wharves and piers, are liable for any loss or damage sustained by reason of their defective construction or dangerous condition.

The common council are the exponents of the will of the corporation, and the settlement or compromising of a legal claim for damages falls within their lawful powers.

Plaintiff presented his claim to the common council for damages, in the sum of $400, for the loss of his horse and cart from one of the wharves owned by defendants. The common council passed a resolution allowing to plaintiff the sum of $350, to be paid by the comptroller from the appropriation for city contingencies, or any other appropriate account.

*Held*, that the resolution was not the incurring of expense by any of the departments or by the officers thereof. It was a direction to pay a liability which the law imposed upon defendants, which liability was settled and compromised at the amount specified in the resolution, therefore, section 101 of the charter of 1870, which provides "that no expense should be incurred unless an appropriation shall have been previously made covering such expense," does not apply.

*Special Term, January,* 1877.

THE plaintiff was the owner of a horse and cart, which were lost in 1869 from the wharf owned by the defendants, at the foot of Fifty-third street and the East river.

His claim for damages in the sum of $400, was presented to the common council of the defendants, and in 1871, that body passed a resolution allowing to plaintiff the sum of $350, to be paid by defendants' comptroller from the appropriation for city contingencies, or any other appropriate account. The

McGuiness agt. Mayor.

resolution took effect December 21, 1871. Plaintiff accepted the sum as a compromise of his claim for damages, but the comptroller refused to pay plaintiff, and this action was brought to recover the amount as settled by the resolution.

The answer of defendants contained the following defense: "At the time of the passage of the said resolution, as alleged in the complaint, all the moneys in defendants' treasury, theretofore appropriated for city contingencies for 1871, had been paid out, and there were no moneys in defendants' treasury on the 21st day of December, 1871, to the credit of said appropriation. To this defense plaintiff demurred, as not containing any defense to plaintiff's action.

*Elliott Sandford*, for plaintiff. The defendants compromised and settled plaintiff's claim for damages (*Wehrum* agt. *Kuhn*, 34 *Supr. Ct.*, 336; *affirmed*, 61 *N. Y.*, 623; *Adams* agt. *Sage*, 28 *id.*, 110, 111; *Brady* agt. *The Mayor, &c., of Brooklyn*, 1 *Barb.*, 584; *Board of Supervisors of Orleans County* agt. *Bowen et al.*, 4 *Lans.*, 24). As to defendants' liability for damages, *Hutson* agt. *The Mayor, &c.* (9 *N. Y.*, 163); *Furman* agt. *The Mayor, &c.* (10 *id.*, 567); *Moody* agt. *The Mayor, &c.* (43 *Barb.*, 282); *Taylor* agt. *The Mayor, &c.* (4 *E. D. Smith*, 559). The resolution was directory as to the comptroller (*Detweiler* agt. *The Mayor, &c.*, 1 *T. & C.*, 657), and of itself incurred no expense. The claim arose *ex delicto*, and the appropriations made are for current expenses of the city government; no provision is made for damages.

*David J. Dean*, for defendants. By section 101 of the charter of 1870, it was provided that no expense should be incurred by any department, board or officer thereof, whether the object of expenditure shall have been ordered by the common council or not, unless an appropriation shall have been previously made, covering such expense. A previous appropriation was necessary. The resolution is void, because the appropriations for city contingencies were exhausted prior to the passage of the resolution.

McGuiness agt. Mayor.

LAWRENCE, J.— I am of opinion that the demurrer interposed by the plaintiff to the third paragraph of the defendants' answer should be sustained. The defendants, as owners of the pier, were liable to the plaintiff for any loss or damage which he sustained by reason of its defective construction or dangerous condition (*Moody* agt. *The Mayor, &c.,* 43 *Barb.,* 282; *Taylor* agt. *The Mayor, &c.,* 4 *E. D. Smith,* 559).

I know of no law which prohibits the city from compromising such a case and thereby avoiding litigation.

The common council are the exponents of the will of the corporation, and the resolution which they passed directing the payment of the sum of $350 as a settlement or compromise of the plaintiff's claim seems to me to fall within their lawful powers.

I do not regard the 101st section of the charter, on which the defendants' counsel relies, as applicable to this case. The resolution was not the incurring of expense by any of the departments or by the officers thereof. It was a direction *to pay* a liability which the law imposed upon the defendants, which liability was settled and compromised at the amount specified in the resolution.

The law imposed the liability. The plaintiff's right of action was complete when the accident occurred, if he had a right of action at all.

If the defendants became convinced that they could not successfully resist a suit at his hands, and therefore determined to compromise the claim, the plaintiff surely cannot lose his right of action against them by their failure to make an appropriation, or by their directing that the claim be paid out of an appropriation which has been already exhausted (*See Detweiler* agt. *The Mayor, &c.,* 1 *T. & C.,* 658).

If these reasons are sound, it is unnecessary to consider the other questions which were discussed by counsel upon the argument, and there should be judgment for the plaintiff on the demurrer, with costs.