# Cases

DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## December, 1890.

---

CHARLES BENNER, Respondent, v. THE ATLANTIC DREDGING COMPANY, Appellant.

*Damage from blasting — negligence need not be shown.*

In an action brought to recover for the damages which resulted to the plaintiff's dwelling by reason of the blasting of rocks at Hell Gate in the East river, at or near Long Island City, by the defendant while acting under a contract with the United States, the court charged the jury that the defendant was responsible for such injury, if it caused it, and refused to charge that to make the defendant liable it must appear that the work was done in a negligent manner.
*Held,* that the charge was correct.

APPEAL by the defendant, the Atlantic Dredging Company, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Queens on the 14th day of January, 1890, and also from an order denying defendant's motion for a new trial upon the minutes of the court entered in said clerk's office on the 13th day of January, 1890, after a trial at the Queens County Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $525.

The action was brought to recover the damages resulting from an injury done to the plaintiff's building, by reason of the blasting of rock in proximity thereto, by the defendant, which acted under a contract with certain United States government officials in removing

the rock from under the water at Hell Gate, in the East river, oppo-site Astoria, L. I.

*Benjamin W. Downing,* for the appellant.

*Henry C. Wilcox,* for the respondent.

PRATT, J. :

The verdict established that the blasting done by defendant at Hell Gate shook the walls of plaintiff's house, inflicting injury.

The court charged that, for such injury, defendant was responsi-ble, and refused to charge that, to make defendant liable, it must appear that the work was done in a negligent manner.

We think the instruction was correct. If a desirable work can-not be done without shaking down a neighbor's house, it would seem that the work should not be performed unless the doer was prepared to make compensation for the injury inflicted.

That rule seems best to promote the general welfare. The public are not benefited by a change that inflicts an injury greater than the resulting benefit.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.