### MORGAN et al. v. BOWES et al.

*(Supreme Court, General Term, First Department. December 31, 1891.)*

1. ADJOINING OWNERS—EXCAVATION—BLASTING.
   The rule that a person excavating with due care on his own soil will not be liable for injuries thereby occasioned to an adjoining owner has no application to a case where the excavation is effected by blasting out rock with an explosive so powerful as to break the windows, loosen the walls, and injure the furniture of adjoining owners, by atmospheric concussion.

2. SAME—NUISANCE.
   Persons blasting out rock on their own lands, and using for that purpose an explosive so powerful as to injure the property of adjoining owners by atmospheric concussion only, create a nuisance, and are liable for the damages thereby occasioned.

3. NUISANCE—DAMAGES—RENT NOT ACCRUED.
   Plaintiffs' tenant, after paying rent for June, was compelled to evacuate the demised premises by the dangerous explosions of giant-powder blasts by defendants on an adjoining lot. *Held*, in an action to recover damages, instituted June 13th, that the court erred in allowing rent which would thereafter have accrued as damages; plaintiffs being entitled only to such damages as had accrued at the time of the action.

Appeal from circuit court, New York county.

Action by William R. Morgan, Jr., and others, against John Bowes and John Coombs, defendants, to recover damages for injuries to property caused by blasting. From a judgment for plaintiffs, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, J.

*Earley & Prendergast*, for appellants. *Platt & Bowers*, (*John M. Bowers*, of counsel,) for respondents.

BARRETT, J. This action is for damages to the plaintiffs' houses in Eighty-Third street, caused by the wrongful acts of the defendants in blasting rock upon the adjoining lands. The defendants are contractors, and, as such, were, in the months of May and June, 1886, engaged in excavating and removing the rock upon such adjoining lands. They were continuously at work during this period, and in the performance of such work they caused constant explosions and made heavy blasts. These blasts were produced by the agency of a species of gunpowder known as "giant-powder." Serious injury resulted therefrom to the plaintiffs' houses. The upper part of a mantel-piece was at one time knocked off. On another occasion, the range was knocked out of place; also the wash-tubs, boilers, and superstructure of the fire-place. The ceiling was left in a hanging condition. Again, the walls were blown in on one side, the staircase was blown down, a door was blown out, and its frame broken. What was left of the fire-place and mantel after a previous explosion was blown across the room. Everything on the dining-room table was broken. The effect of these explosions was also to loosen all the walls of the house and all the ceilings, rendering them liable to fall at any time. The adjoining house became untenantable, and the danger was so great and imminent that the tenant in occupation, after vainly protesting against the defendants' conduct, was compelled to move out.

There can be no doubt that the plaintiffs established, without contradiction, a clear case of a private nuisance. The explosions were not accidental, nor were they isolated acts. They were deliberate and continuous, and they did great, constant, and increasing damage to the plaintiffs' property; in other words, the defendants prosecuted the business in which they were engaged in such a manner as to disturb the rightful possession of the plaintiffs, and to cause direct and immediate injury to their property.

The appellants claim a reversal upon two grounds: *First,* that an action will not lie for damages to a neighbor's house by excavating on one's own soil; and, *second,* that an action for damages caused by blasting on one's own land will only lie when an actual trespass upon the *res* is committed, as where the rock or soil is blown over into the adjoining lot or against the adjoining house.

As to the first point, we need only say that this action is not for injuries to the plaintiffs' wall or building resulting from excavations upon the adjoining land. There is no question here of supporting the plaintiffs' wall, or of digging out the contiguous soil carelessly or unlawfully. Such cases, therefore, as *Dorrity* v. *Rapp*, 72 N. Y. 309, have no application. The question here is solely as to the acts of the defendants in blasting the rock upon the adjoining lands.

We think the second point taken by the appellants is also untenable. The rules which have been laid down upon the subject of private nuisances, causing damage to individuals, do not limit the right of action as thus contended for. It is true that in *Hay* v. *Cohoes Co.*, 2 N. Y. 159, fragments of the rock blasted by the defendants were actually thrown against and injured the adjoining building, which belonged to the plaintiffs. The observations of the learned court were made with reference to that fact, but it was by no means intimated that such an action could not be maintained where the same damage was produced by violent and continuous concussions. On the contrary, the disturbance of the plaintiffs' rightful possession, and the direct and immediate injury to their property, were the grounds upon which the right of recovery was placed. There the plaintiffs' stoop was demolished. It was certainly unimportant whether such demolition resulted from the direct attack of broken rock or from the concussion caused by the blast. The court specified some of the acts which violate the right of domain,—such as polluting the air upon the plaintiffs' grounds, abstracting a portion of the soil, and casting foreign substances upon the land; but there was no attempt at a complete enumeration of actionable acts, nor was any limitation placed upon the broad principle that even in the pursuit of a lawful occupation one has no right to create a nuisance to the injury of his neighbor. The later cases abundantly support an action based upon the facts here established. *Bermer* v. *Dredging Co.*, (Sup.) 12 N. Y. Supp. 181, is directly in point.

What constitutes an actionable private nuisance was elaborately considered in *McKeon* v. *See*, 4 Rob. (N. Y.) 449. There it was held that the continuous jarring of a neighbor's house by the use of steam-power upon one's own premises, causing injury, amounted to a nuisance, and was actionable; and that this was the law although "the defendant's business was lawful, and publicly beneficial, and conducted with every reasonable precaution as to the character of his building and machinery, and mode of using them, to prevent unnecessary injury to the plaintiff." This case was affirmed, and its principle approved, by the Commission of Appeals, 51 N. Y. 300; citing *Fish* v. *Dodge*, 4 Denio, 311; *Tipping* v. *Smelting Co.*, 4 Best & S. 608, 116 E. C. L. 608, 5 Amer. Law Reg. (N. S.) 104. The same doctrine was laid down, with extended illustration and copious citation of authority, in *Heeg* v. *Licht*, 80 N. Y. 579. The grounds upon which the appellants claim a reversal generally are therefore untenable.

Other objections to a recovery appear in the record, but, as the appellants have not deemed such objections of sufficient importance to be raised upon this appeal, we need not consider them. We think, however, that the learned judge erred in one particular with regard to the damages. He allowed the plaintiffs to recover $760, with $109.67 interest thereon, for loss of rent. It appeared that the plaintiffs' tenant moved out of the injured house in June, 1886. He paid the rent for the months of May and June, 1886. The action was commenced on the 13th of June, 1886. From this it appears that the plaintiffs were allowed to recover for loss of rent from the commencement of the action down to the time of trial. Without considering any other question which this item suggests, it is sufficient to say that in an action at law for damages the plaintiff is confined to such as have accrued at the commencement of his action. *Uline* v. *Railroad Co.*, 101 N. Y. 109, 4 N. E. Rep. 536; *Pond* v. *Railroad Co.*, 112 N. Y. 186, 19 N. E. Rep. 487; *Barrick* v. *Scierdecker*, (Sup.) 1 N. Y. Supp. 21. The learned counsel for the defendants duly excepted to the direction on this head. He also excepted to the denial of his motion to strike out the evidence as to the loss of rent, and to the refusal of the learned judge to direct the jury that in no event could the plaintiffs recover anything for loss of such rent. The other items of damages were properly submitted to the jury, and were properly allowed.

The judgment should therefore be modified by deducting therefrom the sum of $869.67, and, as thus modified, affirmed, without costs of this appeal. All concur.