### DENKEN v. CANAVAN et al.

(Supreme Court, Appellate Term, First Department. June 25, 1896.)

DAMAGES—NEGLIGENT BLASTING.

Where defendants, by negligent blasting on their premises, loosened the soil of plaintiff's adjoining premises, so as to cause a clothes pole erected thereon to fall, they are liable for the expense incurred by plaintiff in putting the pole back in the same condition in which it was, where there was no evidence to show that such amount was unreasonable.

Appeal from Eighth district court.

Action by Mary Denken against David Canavan and Morris Canavan to recover damages alleged to have been caused by negligent blasting. Judgment was rendered in favor of plaintiff for $55 and costs, and defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Lipman & Ruck, for appellants.
James P. Campbell, for respondent.

DALY, P. J. The plaintiff was the owner of a tenement house, and the defendants were blasting rock in excavating upon their premises, which adjoined her rear yard. The effect of the blasting was to threaten the stability of her rear fence, and a tall clothes-pole used by her tenants, which was planted in the soil

of her yard near the said fence. It was imbedded in about four feet of soil, resting upon rock, and this soil was deprived of its support by the defendants' excavation. Defendants, as is claimed by them, under permission of plaintiff's son, entered her yard, removed the braces supporting the pole, and lowered it, with the top end resting against her house, and the bottom resting in the yard. From this position it subsequently slipped, the butt end falling into defendants' lot, and the top end subsequently sliding across plaintiff's house, and damaging one of her windows and shutters. The justice allowed the plaintiff as damages not only the cost of repairing the damaged window and shutters, but the expense of setting up the pole by imbedding it in the solid rock foundation of plaintiff's yard. The greater part of the judgment, to wit, $46, was expense incurred in blasting for this purpose and in setting up the pole in the foundation so made.

As the defendants did not excavate to a greater depth than 10 feet, they were not required to support any structure upon adjoining premises, and were not therefore bound to support the plaintiff's fence or pole. The natural right of support exists in respect of soil only, and not of buildings or erections on the land. Dorrity v. Rapp, 72 N. Y. 307, and, even in respect to the common-law doctrine that the owner of land has the right to the use of it in the situation in which it was placed by nature, surrounded and protected by the soil of the adjacent lots, and that the adjoining owner will not be permitted to destroy it by removing this natural support or barrier, it has been well observed that this doctrine is not applicable to cities, and that the owner of land may use it for all the purposes to which such lands are usually applied without being answerable for consequences, provided he exercised proper care and skill to prevent any unnecessary injury to the adjoining landowner. Radcliff v. Mayor, etc., 4 N. Y. 195. Nevertheless defendants would be answerable for all damages caused by negligent or improper blasting (Morgan v. Bowes [Sup.] 17 N. Y. Supp. 22), and if the earth in which the pole rested were disturbed by such negligent acts, defendants would be answerable in damages for the cost of restoring the premises to their former condition. This was practically conceded to be the case on the trial, for the record shows that, in moving to dismiss the complaint, defendants' counsel says "he concedes the fact that they would be liable for damages for the expenses of putting that pole back in the same condition it was in, but not to pay $39 for blasting the hole." This admission dispensed with proof of the facts necessary to impose such liability, and left but one question, what was the cost of putting the pole back in its former condition? To do that it would be necessary to restore and support the soil in which it had rested; but defendants did not do this, nor offer to show the cost of doing it, nor offer to show any other way of resting the pole than by setting it in the solid rock. The cost of this was $46, and no evidence was given to show that it was unreasonable.

As to the damages allowed for injury to the windows and shutters: That injury was caused by the act of defendants in enter-

ing plaintiff's yard, knocking away the brace that held the pole, and placing it in such a position that it slipped down and damaged the plaintiff's window. Having undertaken to secure the pole, the defendants were bound to use reasonable care in so doing, and for neglect in that respect were liable. A volunteer is held to the exercise of ordinary care in what he undertakes to do. The proof was sufficient to sustain a finding that the defendants were careless in leaving the pole in a position in which it could slip and cause damage, and the plaintiff is entitled to a recovery for the damage so caused.

Judgment affirmed, with costs. All concur.