(32 Misc. Rep. 464.)

## STEVENSON v. PUCCI.

(Supreme Court, Special Term, New York County.   September, 1900.)

1. INJUNCTION—BLASTING—ADJOINING LANDOWNERS.
    The owner of a building is entitled to injunction against blasting on adjoining land in such a manner as to throw fragments of rock on his premises, or to cause the building, which is a solid one, to shake, or the walls to crack.

2. SAME—HOURS OF WORK.
    The owner of a dwelling is entitled to injunction against one blasting and using steam drills and hoisting engines on adjoining land earlier than 7 a. m., but not between that hour and 6 p. m.

8. SAME—OBSTRUCTING STREET.
    One removing rock from a lot will be enjoined from unnecessarily obstructing the street in front of adjoining premises, and interfering with the rights therein of the owner of such premises.

4. SAME—PROFANITY.
    Injunction will be granted against a contractor's allowing his employés to render the tenants of an apartment house adjoining the place of work uncomfortable by using profane language in their hearing.

Action by Preston Stevenson against Antonio Pucci.   Plaintiff moves to continue an injunction pendente lite.   Injunction modified and continued.

Preston Stevenson, in pro. per.
Gillender, Fixman & Mumford, opposed.

GILDERSLEEVE, J.   This is a motion to continue an injunction pendente lite.   The facts appear to be substantially as follows, viz.: Plaintiff is the owner of premises Nos. 697 and 699 West End avenue, in the borough of Manhattan, and city of New York, upon which premises is a first-class apartment house, containing 20 apartments, which rent, severally, for $1,000 to $1,500 per annum.   The defendant is a contractor, engaged in the removal of rock, by blasting and carting away the fragments of such rock, from certain vacant lots adjacent to the said premises of the plaintiff.   The neighborhood is a respectable, residential quarter of the city, and there are no mercantile or other business houses in the immediate vicinity of the plaintiff's premises.   The plaintiff complains that the defendant is conducting his blasting and removing business on the said vacant lots adjoining plaintiff's premises in a reckless and negligent manner, and with much unnecessary noise and profanity;   that considerable masses of rock are thrown upon plaintiff's premises, and into the apartments in plaintiff's building, causing much damage to the windows and various articles of furniture and ornament in the said apartments, and shaking and cracking the walls and partitions of said building, and terrifying the tenants of plaintiff; that defendant begins work at an unreasonably early hour, and makes much noise, to the great inconvenience of the said tenants, preventing them from sleeping and jarring their nerves and damaging their health; and that defendant is rendering the neighborhood unfit for private residence.   The plaintiff further claims that he is threatened with the loss of his tenants, and will be unable to find other tenants, if

the defendant is not compelled to conduct his operations in a more orderly and proper manner. The plaintiff also complains that defendant's many employés render the street and sidewalk in front of plaintiff's premises unfit for use by ladies and respectable people. The plaintiff, therefore, obtained a temporary injunction against the defendant, which he now seeks to have continued pendente lite. On the other hand, the defendant claims that he is conducting his business in a perfectly proper, lawful, and careful manner, and that he is not responsible for the condition of the nerves of plaintiff's tenants, and he further denies many of plaintiff's allegations as to damage, and claims that there is no legitimate reason for nervousness or terror on the part of plaintiff's tenants. He also urges that his men are mostly Italians, and that, even if they did use profanity, which defendant denies, no one could be aware of that fact, without being familiar with the Italian language. He admits that his men may talk loudly, but points out that this is owing to the Italian temperament, and that it is impossible to prevent it. Defendant further claims that he will be greatly damaged unless he is allowed to begin work at 7 o'clock in the morning. He also maintains that he makes no more noise and causes no more damage than that which must necessarily be caused by blasting. Plaintiff, however, claims that the defendant's men use too heavy charges of explosives. I am inclined to think that plaintiff has sufficiently met the requirements of the statute by showing that defendant is doing, or suffering to be done, and threatens to do, acts in violation of plaintiff's rights, respecting the subject of the action, which tend to render the judgment ineffectual. Code Civ. Proc. § 604. Nevertheless, to hold that blasting in the city of New York is intrinsically dangerous and unlawful would be to put an end to all public improvements. The rule, however, is that a person engaged in improving his own land must use every practicable means to avoid injury to his neighbor. He will not be permitted, by the use of powerful explosives upon his own land, to injure the house of his neighbor, especially when he can avoid such a result by the use of smaller quantities of the explosives, or by pursuing some other way, even though the expense would be greater. See Hill v. Schneider, 13 App. Div. 299, 43 N. Y. Supp. 1. Persons who use, for the purpose of blasting on their own lands, an explosive so powerful as to injure the property of adjoining owners, by mere atmospheric concussion, create a nuisance, and are liable for the damages thereby occasioned. See Morgan v. Bowes (Sup.) 17 N. Y. Supp. 22. If the defendant is carrying on his business, though lawful in itself, in such a way and manner as to prove a nuisance to his neighbor, the plaintiff, he is answerable for the damages; and it is not necessary that plaintiff should be driven from his building in order to maintain the action, but it is enough that the enjoyment of life and property be rendered uncomfortable. See Fish v. Dodge, 4 Denio, 311. I am of opinion that plaintiff is entitled to the injunction restraining defendant from blasting in such a manner as to throw fragments of rock onto plaintiff's premises, or to cause the building, which appears to be a solid one, to shake or the walls to crack. It also seems

reasonable that defendant should not commence work before 7 o'clock in the morning, and should cease at 6 in the evening, to which, indeed, he appears to have no objection. I do not think, however, that it would be reasonable to prevent him from commencing to use his steam drills or hoisting engines before 8 o'clock in the morning, as he claims this would cause a serious loss to him. If he does not commence before 7, the plaintiff's rights will be sufficiently protected. As for that part of the injunction which restrains defendant from "allowing his men and teams to linger on the street in front of plaintiff's premises, and to use said street as a feeding place for horses or lounging place for men, or otherwise than in the common way of using a street, or from using loud and profane language, when engaged on said work or otherwise, in front of plaintiff's premises or in the hearing of persons therein," it may be said that defendant denies that he does permit the things here complained of. Certainly defendant should be restrained, if guilty, from unnecessarily obstructing the street in front of plaintiff's premises, and interfering with plaintiff's rights therein, and his men should not be allowed to render the tenants of plaintiff uncomfortable by using profane language in the hearing of such tenants. On the other hand, plaintiff and his tenants should be reasonably indulgent with regard to the natural tendency of ignorant Italian laborers towards rough and boisterous talking, which it would be extremely difficult for the defendant to control. The injunction may be modified in accordance with the foregoing opinion, and as modified continued pendente lite. No costs.

Ordered accordingly.