FLORENCE BARRETT and Another, Plaintiffs, *v.* FEDERAL CRUSHED
STONE CORPORATION, Defendant.

Supreme Court, Erie County, June 1, 1933.

*Ueck, Manchester & Carriero* [*Louis W. Manchester* of counsel],
for the plaintiffs.

*Slee, O'Brian, Hellings & Ulsh* [*John Lord O'Brian* of counsel],
for the defendant.

HARRIS, J.   In this action, brought and tried in equity, the plaintiffs, on the theory of nuisance, seek to recover damage from the defendant for injury which the plaintiffs claim was done to their premises by reason of the operations of the defendant in quarrying. The premises of the plaintiffs are situated on the north side of Bennett road in the town of Cheektowaga, Erie county, N. Y., and contain about an acre of land on which there is located a large three-story building used as a hotel.   The building, substantial in type, was erected about the year 1898 and the additions thereto were made in the year 1900.   Subsequently thereto, and from time to time, certain improvements and repairs were made to such building.

In May, 1928, the town board of Cheektowaga gave to the Cheektowaga Crushed Stone Corporation (the earlier corporate name of the defendant herein) a permit to construct and to operate a plant for quarrying and crushing rock on its lands about 2,000 feet north of Bennett road, east of Union road and west of Indian road in the said town, and such permit was granted and on the 10th day of May, 1928, was accepted by the defendant, on the express condition that no nuisance should be caused or permitted in and about the construction and operation of such plant, the quarrying, crushing or handling of stone thereabouts, and that no dust should be permitted to escape the premises.

The defendant commenced blasting operations in April, 1929. The premises on which the blasting was and has been conducted had formerly been used by the Lehigh Valley railroad for the storage and loading of coal in very large quantities. On adjoining premises there had been at one time a large plant for making scrap from freight cars. Next to the premises of the defendant are two large bituminous plants, and in the vicinity of the premises of both parties hereto and at varying distances of half a mile to one and one-half miles are the main trackages of the important railroad companies entering Buffalo from the east and yards incident to the operations of such railroad companies. The territories surrounding the city of Buffalo, which is not far distant from the premises in question, and particularly that part surrounding such premises, contain vast tracts of stone so placed as to be suitable for quarrying. For generations the business of quarrying has been conducted in and about Buffalo and to the east thereof. The premises of the parties are included in a hamlet known as Bellevue, originally planned as a home section for those engaged in industry in the vicinity. A group of dwellings and business establishments have been developed there; but it must be said that the surrounding territory, as above described, is of such a nature that such territory including Bellevue can be regarded as devoted to the purposes of industry and commerce.

Shortly after the establishment of the work of the defendant, Mrs. Barrett, one of the plaintiffs, complained to the defendant about the blasting in the quarry and what she claimed were the consequences thereof on the premises of the plaintiffs. The blasting continued and the complaints continued and resulted in the bringing of this action.

The plaintiffs claim that in two ways the blasting has caused damage to their premises. One claim is that stones have been shot through the air and have landed on the premises of the plaintiff and that stone dust has drifted through the air onto such premises. The amount of damage claimed from this cause is so negligible that if there is to be a recovery herein by the plaintiffs, such recovery could not well include damage from this cause.

The other damage claimed is attributed to vibrations from the quarry blasting coming through the surrounding earth and shaking and causing damage to the building of the plaintiffs. On this question, much proof was presented by both plaintiffs and defendant. The plaintiffs gave testimony tending to establish damage from such a cause, but the proof presented by witnesses on behalf of the defendant who saw the plaintiffs' premises in 1929 and described conditions which they said then existed and which the plaintiffs

claim came in later years, and the testimony of numbers of neighbors who claim that no similar damage was done to their premises in territory contiguous to the quarry lands, lead me to the conclusion that the plaintiffs have not established by a fair preponderance of evidence the fact of injury to their premises by vibration. I am of the opinion that such variations from construction as now exist in the premises, such as cracked cellar and foundation walls and so-called distortions of interior walls, if they do exist, did exist prior to the operations of the defendant and from causes other than defendant's operations.

However, if vibration had caused the damage complained of by the plaintiffs, there then comes the question as to whether or not a cause of action would lie against the defendant on account of such injury by vibration to the structure. I am convinced by the proof herein that the operations of the defendant have been conducted with the utmost care and in strict accordance with the most improved methods of quarrying. With the facts established as to the industrial and commercial use of the territory and as to the manner of operation by defendant, in my opinion the defendant would not be liable to the plaintiffs for damage necessarily coming from the vibrations set in force in its plant. It would only be liable if it did not use the most approved up to date methods or if it made an unreasonable use of its property. (*McCarty* v. *Natural Carbonic Gas Co.*, 189 N. Y. 40; *Page* v. *Dempsey*, 184 id. 245; *Booth* v. *Rome, Watertown & Ogdensburg R. R. Co.*, 140 id. 267; *Stevenson* v. *Pucci*, 32 Misc. 464; *Hill* v. *Schneider*, 13 App. Div. 299.)

The defendant is entitled to judgment dismissing the complaint herein.