## Boston Beef Packing Co. *v.* Stevens and others.

(*Circuit Court, S. D. New York.* March 27, 1882.)

1. TORTS—LIABILITY FOR INJURIES—REPRESENTATIVE CHARACTER.

   An action cannot be maintained against an executor or trustee in his representative character for a wrongful act which was not committed by him in his official capacity.

2. SAME—WRONGFUL USE OF ONE'S OWN PROPERTY.

   Whoever, for his own advantage, authorizes his property to be used by another in such manner as to endanger and injure, unnecessarily, the property or rights of others is answerable for the consequences whether the injury be caused by negligence or by the erection of a nuisance.

3. SAME—INTERPOSITION OF THIRD PARTY—NOT TO EXCUSE.

   The mere fact that a third person is interposed between the owner or principal and the party injured will not affect the responsibility of him who originates and sanctions the injury.

4. SAME—LEASE OF UNFIT AND UNSAFE BUILDING.

   Where a party leased a building as a storehouse which was unfit and unsafe for use as a storage warehouse, and it fell without any fault contributing to the fall on the part of the lessees or of the plaintiff, thereby injuring the house of the plaintiff, which was adjoining thereto, such lessor is liable for the injury.

WALLACE, C. J. The defendants are sued personally, and also in their representative capacity as executors and trustees, under the will of Calvin Stevens, deceased, for damages alleged to have been sustained by the plaintiff by the fall of a building owned by the defendants as such executors and trustees, and which had been leased by them for a storage warehouse. The jury found for the plaintiff, and under the instructions of the court their verdict established two propositions: *First,* that the building was unfit and unsafe for use as a storage warehouse at the time the defendants let it for such use; and, *second,* that the building fell without any fault contributing to the fall on the part of the lessees. The plaintiff was the occupant of an adjoining building, and the verdict of the jury further established that there was no contributory negligence on the part of the plaintiff.

Upon what theory the defendants were sued in their representative character, and by what rule of law their liability in such character can be sustained, has not been satisfactorily shown. The question was reserved upon the trial, but no authority has been adduced to change the opinion expressed by the court upon the trial, that an action cannot be maintained against an executor or trustee in his representative character for a wrongful act which was not and could not be committed by him in his official capacity, but which, because it was a wrongful act, was in excess of his authority.

A new trial, however, should not be granted. The only defendants in the case are the individuals named as such, and although they are also described in their representative character, they cannot, in an action at law, sever their identity. The same individuals cannot have a judgment in their favor and one against them in the same record.

The plaintiff must amend the process, pleadings, and proceedings by striking out the description of the defendants' official character.

Upon the main question in the case, that of the liability of the defendants for negligence, there is no reason to doubt the correctness of the rulings at the trial. The defendants were carefully protected by their instructions to the jury from all responsibility for the acts of the tenant. They were held liable only to the extent that for their own profit they authorized and sanctioned the acts of the tenants in the use and control of their property. As the verdict was upon the theory that the tenants were not guilty of negligence, unless the defendants are held liable the singular result would follow that a wrong has been committed for which no person can be held responsible.

Whoever, for his own advantage, authorizes his property to be used by another in such manner as to endanger and injure unnecessarily the property or rights of others, is answerable for the consequences. Sometimes the liability has been referred to the law of nuisance, (*Norcross* v. *Thoms*, 51 Me. 503; *Fish* v. *Dodge*, 4 Denio, 311;) but it exists when predicated upon negligence equally as when predicated upon an intentional wrong. The mere fact that a third person is interposed between the owner or principal, and the party injured, cannot affect the responsibility of him who originates and sanctions the injury. *Swords* v. *Edgar*, 59 N. Y. 28. As is said in *Todd* v. *Flight*, 9 C. B. (N. S.) 377: "If the wrong causing the damage arises from nonfeasance or the misfeasance of the lessor, the party suffering damage may sue him." The case of *House* v. *Metcalf*, 27 Conn. 631, is precisely in point. The rule is too well settled to require further citations.

The motion for a new trial is denied.