[No. 5137.]
[No. 2728 C. A.]

## CAMPBELL ET AL. v. THE LOUISVILLE COAL MINING COMPANY.

1. **Mines and Mining—Injury to Surface—Liability of Lessor for Lessee's Acts.**

    Where the lessee of a coal mine—under a written lease providing, inter alia, that the lessee agrees to do all mining in a workman-like manner so as to protect the mine as far as possible, and that the lessor or its representative will at all times be permitted to inspect said mining—removed all the coal and left no supports in the mine; and the lessor, with full knowledge thereof, took no steps to protect the surface soil, and received royalty upon all the coal mined, the latter is liable to the owner of the surface for damages done to improvements thereon by reason of the surface soil sinking over the mine.—P. 383.

2. **Same—Statutory Construction.**

    Sections 3139, 3159 and 3620, Mills' Ann. Stats., providing that the owner of the surface may require the owner of minerals underneath to give bond to secure the payment of damages resulting from the removal of the mineral, are for the benefit of the surface owner; but his failure to exact such security as a condition precedent to removing the minerals does not release the parties removing the same from the payment of damages occasioned by their negligence.—P. 384.

*Error to the District Court of Boulder County.*
*Hon. Christian A. Bennett, Judge.*

Action by John Campbell and Annie Campbell against The Louisville Coal Mining Company. From a judgment for defendant, plaintiffs bring error.

*Reversed and remanded for further proceedings.*

Mr. A. C. PATTON and Mr. PRINCE A. HAWKINS, for plaintiffs in error.

Mr. RICHARD H. WHITELEY, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The liability of the lessor of a coal vein to the owner of the superincumbent soil for injury thereto resulting from the negligence of its lessee in mining and removing the coal in such vein, is the important question to be determined under the facts of this case.

The defendant in error owned the coal vein under a tract of land, which vein it leased to the United Coal Company. The plaintiffs in error owned the surface of a lot embraced in this tract. The lessee removed the coal and the lot settled, whereby the improvements thereon were greatly damaged. Plaintiffs in error brought an action against defendant in error to recover the damages so sustained. It appears from the lease executed between the defendant and its lessee, that the defendant leased the coal vein in question for the purpose of mining and disposing of the coal therein, the lessee agreeing to pay a royalty of 18 cents per ton for all coal mined. *Inter alia,* by the terms of the lease, the parties agreed:

"The party of the second part (lessee) further agrees to do all mining on said premises in a workman-like manner, so as to protect said mine, so far as possible, and the party of the first part (lessor), or a representative sent by it, shall and may at all times have an opportunity and be permitted to inspect said mining, as aforesaid, on said premises."

The coal was all removed, leaving no supports whatever. Agents of the defendant frequently visited the premises, and knew that all the coal was being taken out, and no artificial supports substituted. The defendant, with this knowledge, received royalties reserved by the lease on all the coal mined.

It does not appear to have taken any steps to prevent the lessee from removing all the coal. The trial court ruled that the defendant was not responsible for the injuries complained of, and directed a verdict accordingly.

It is claimed by counsel for plaintiffs that when the surface of land belongs to one, and the coal thereunder to another, the owner of the coal cannot remove it without leaving support sufficient to maintain the surface in its natural state. Among the authorities which they cite in support of this proposition, we note the following:—*Wilms v. Jess,* 94 Ill. 464; *Harris v. Ryding,* 5 Meeson & Welsvy 59; *Smart v. Morton,* 85 Eng. Common Law Rep. *30; *Coleman v. Chadwick,* 80 Pa. St. 81; *Davis v. Trehearne,* 6 App. Cases 460 (House of Lords, 1881); 14 Mining Reports 60; *Proud v. Bates,* 34 L. J. Ch. 406; 15 Min. Rep. 227; *Carlin v. Chappel,* 101 Pa. St. 348; 47 Am. Rep. 722; *Jones v. Wagner,* 66 Pa. St. 429; 2 Lindley on Mines (2d ed.), § 819.

This proposition is not controverted by counsel for defendant, and, for the purposes of this case, we shall assume that it is a correct statement of the law. We thus qualify it for the reason that it appears from the testimony that no supports whatever were left or placed in the mine, underneath the surface of plaintiffs' lot, and no question is raised about the buildings of plaintiffs in any way contributing to the subsidence of the surface. Removing the coal without leaving any supports whatever or substituting artificial supports, was negligence. This negligence caused the surface to subside, and damaged the plaintiffs' improvements. Had the defendant mined the coal in the manner the lessee did, there could be no doubt of the liability of the former; but, having leased the right to mine to another, is it, under the

facts of this case, responsible for the negligence which resulted in damage to the plaintiffs?

A party may not accomplish indirectly that which the law prohibits him from doing directly. One cannot knowingly reap the benefit of a wrong and escape the liabilities resulting from such wrong. There is no express provision in the lease requiring the lessee to leave or supply such supports as would prevent the superincumbent soil from subsiding, but the law reads into the lease such a provision. That is to say—under the terms of the lease the lessee took it with an implied covenant that it would so conduct mining operations as not to damage the surface by undermining, and with the right to only remove so much coal as it could get without injury to the surface. — *Harris v. Ryding, supra; Mickle v. Douglas,* 75 Iowa 78; *Coleman v. Chadwick, supra.*

These conditions, which attached by operation of law to the lease, were for the protection of the plaintiffs, and it was the duty of the lessee to comply with them, and of the lessor to see that they were enforced. A landlord who authorizes, or knowingly permits, an act on the part of his tenant which it was his duty to prohibit, whereby a third person is injured, is responsible for such injury if the tenant would be liable.—*Riley v. Simpson,* 83 Cal. 217.

It has been held that whoever, for his own advantage, authorizes his property to be used by another in such manner as to unnecessarily endanger and injure the property of others, is answerable for the consequences. Such liability has been based upon the law of nuisance, but it follows when predicated upon negligence the same as when grounded upon an intentional wrong.—*Boston Beef Packing Co. v. Stevens,* 12 Fed. 279; *House v. Metcalfe,* 27 Conn. 630.

In *Todd v. Flight,* 9 C. B. (N. S.) 377—a case

cited in *Boston Beef Packing Co. v. Stevens, supra*—
it was held that if the wrong causing the damage
arises from the non-feasance of the lessor, he is re-
sponsible to the party suffering the damages from
such wrong.  See, also, Dicey on Parties 441.

Applying these principles to the facts of this
case, it is manifest that the learned trial judge erred
in directing a verdict for the defendant.  It know-
ingly permitted the lessee to violate the terms of its
lease, and took no steps to enforce the provisions
thereof which were intended to afford protection to
the plaintiffs.  The defendant knew that all the coal
was being removed and the superincumbent soil left
without any support whatever.  It knowingly reaped
the benefits of this wrong by accepting royalty upon
coal which should have been left as supports, or in
lieu thereof, artificial supports substituted which
were not, and which it knew were not, being substi-
tuted by its lessee.  The failure of its lessee to leave
or provide these supports was negligence, which the
defendant sanctioned or consented to, or took no
steps to prevent, and of which it has had the benefit,
and hence, its liability is the same as though it had
committed the negligent acts which resulted in the
damage to plaintiffs.

The case does not fall within the general rule, to
the effect that the lessor of premises is not liable for
the negligence of his lessee; because, ordinarily, the
lessor does not retain, and is under no obligation to
retain, control over the demised premises.  The de-
fendant could not remove the coal without leaving or
substituting support sufficient to prevent injury to
the surface.  It could not avoid this duty to plain-
tiffs by leasing to another.  It could vest no greater
right in its lessee than it could itself exercise, and
when it did lease the right to remove the coal, it was
bound to exercise at least a reasonable degree of

care to prevent its lessee from so mining as to injure the property of plaintiffs. Cooley on Torts, *630, says that negligence is "the failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury."

The provisions of the General Statutes (§§ 3139, 3159, 3620, Mills' Ann. Stats.), which provide that the owner of the surface may require the owner of minerals underneath to give bond to secure the surface owner the payment of damages resulting from the removal of the mineral, are for the benefit of the surface owner, but his failure to exact such security as a condition precedent to removing the minerals does not release the parties removing such minerals from the payment of damages occasioned by their negligence.

The judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Judgment reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.