(110 So. 151)

## ALABAMA CLAY PRODUCTS CO. v. BLACK.
### (6 Div. 725.)

(Supreme Court of Alabama. Nov. 4, 1926.)

1. Mines and minerals ⬉122—Recovery may be had for injuries to surface of land, though mining operations were conducted in most approved manner.

Right to subjacent support of land is absolute, and it is no defense to action to recover for injury to surface that mining operations were conducted with due care or even in most approved manner.

2. Mines and minerals ⬉122—Lessee of minerals is liable for subsidence of surface caused by mining operations, unless injury is caused by directions of lessor reserving right to control operations.

Ordinarily lessee of minerals and not lessor is liable to owner of surface for subsidence of surface caused by mining operations over which lessee is in full control, unless injury results from control and directions in mining operations by lessor reserving right of control in lease or otherwise assuming control.

3. Mines and minerals ⬉122—Receipt by lessor of royalties for minerals mined by lessee does not authorize interference with mining operations or make him liable for injuries to surface.

Receipt by lessor of royalties for minerals does not authorize him to interfere in lessee's mining operations to prevent subsidence of surface, in absence of reservation of right to do so in lease, and does not make lessor liable for injuries to surface.

4. Mines and minerals ⬉125—Plaintiff to recover from lessor of minerals for injuries to land by cave-in of mine operated by lessee must allege that his land is embraced in lease, or that lessor breached some duty in permitting lessee to mine under his land.

To hold lessor of minerals liable under lease for injuries to plaintiff owning surface of land caused by cave-in of mine operated by lessee, plaintiff's land must have been embraced in lease, or lessor must have breached some duty in permitting lessee to mine under plain-

tiff's land, and complaint failing to so allege is demurrable.

5. Mines and minerals ⬉125—Count alleging mining under plaintiff's land caused by lessor of minerals, and negligent failure to support roof of mine causing cave-in and injuries, held not demurrable.

Count in action for injuries to surface caused by cave-in of mine, alleging that lessor of minerals caused coal to be mined from under plaintiff's land, and negligently failed to properly support roof of mine causing cave-in and resulting injuries, held not demurrable.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by Robert Black against the Alabama Clay Products Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Count E is as follows:

"Plaintiff claims of the defendant the further sum of twenty-five hundred dollars ($7,500), as damages, for that on, to wit, January 25, 1923, and for some time prior thereto and subsequent thereto, plaintiff owned the property described in count 1 of this complaint.

"Plaintiff avers that the defendant caused to be mined or dug or removed coal or other substance from under said property owned by the plaintiff as aforesaid, and did not prop, or cause to be propped or otherwise supported, but negligently failed so to do, the roof of said mine or excavation so as to keep same from falling and plaintiff's property from being caved and injured and damaged, and as a proximate result of such negligent failure that on, to wit, January 25, 1923, the roof of said mine or excavation caved or fell in, and the surface of the land on which plaintiff's lot was situated was thereby caused to cave or fall in, and part of the land under the dwelling house on the lot owned by plaintiff as aforesaid gave away and fell in, and the house was caused to become sagged and broken or strained and injured and damaged; and plaintiff's said property was rendered less habitable and less valuable and less suitable and comfortable for occupation as a place of residence, and the value thereof was greatly depreciated, and same was rendered of less value."

Stokely, Scrivner, Dominick & Smith and E. N. Hamill, all of Birmingham, for appellant.

The allegation that defendant owned minerals under land near to plaintiff's property is too vague and indefinite. B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361; Sloss-Sheffield Steel & Iron Co. v. Sampson, 158 Ala. 590, 48 So. 493. The negligent act of the lessee cannot be imputed to the lessor, in the absence of allegation that the lessor authorized or actively participated in the alleged negligent act of the lessee. Offerman v. Starr, 2 Pa. 394, 44 Am. Dec. 211. Unless the lessor knowingly permits the lessee to remove coal, the owner is not liable. Nisbit v. Lofton, 211 Ky. 487, 277 S.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. 828. Count E is deficient; it shows no relation between the plaintiff and defendant—no duty and breach of duty. Sloss-Sheffield Steel & Iron Co. v. Sampson, supra.

Altman, Taylor & Koenig, of Birmingham, for appellee.

Where lessee removes coal, leaving insufficient support, and' the lessor with knowledge of this fact takes no steps to avoid injury to surface soil, but receives royalties on all coal mined, the lessor is liable to the owner of the surface for injuries by reason of the sinking of the surface soil. Campbell v. Louisville Coal Min. Co., 39 Colo. 379, 89 P. 767, 10 L. R. A. (N. S.) 822. The right to mine is subservient to the right of the owner to have the surface maintained in its natural state, from subsidence or parting of the soil. The right of subjacent support is absolute. Corona Coal Co. v. Thomas, 212 Ala. 56, 101 So. 673; Humphries v. Brogden, 12 Q. B. 739. Charges of negligence found in some of the counts neither added to nor detracted from the cause of action stated. West Pratt Coal Co. v. Dorman, 161 Ala. 389, 49 So. 850. 23 L. R. A. (N. S.) 805, 135 Am. St. Rep. 127.

ANDERSON, C. J. [1] It is a well-settled proposition of law that the right to subjacent support is absolute, and it is no defense to an action to recover for an injury to the surface that the mining operations were conducted with due skill and care or even in the most approved manner. 40 C. J. 1196; Williams v. Gibson, 84 Ala. 228, 4 So. 350, 5 Am. St. Rep. 368; Lindley on Mines (3d Ed.) § 831. Indeed, this proposition is not questioned by counsel on either side, the question being the liability of the owner of the mine for the act of his lessee in injuring the surface right of a third person in conducting mining operations.

[2, 3] Ordinarily the lessee of the minerals, and not the lessor, is liable for a subsidence of the surface caused by mining operations over which the lessee is in full control. On the other hand, if the lessor reserves the right in the lease to direct or control the mining operations of the lessee and gives directions as to taking coal from the pillows or supports of the mine and in consequence of such directions the surface caves in, he is liable to the owner of the surface for the resulting injury. Kistler v. Thompson, 158 Pa. 139, 27 A. 874. Or if he assumes control over the operation, whether the right to do so was reserved in the lease or not, and injury results from his control or direction, he would be liable. In the case of Campbell v. Louisville Coal Co., 39 Colo. 379, 89 P. 767, 10 L. R. A. (N. S.) 822, the Colorado court seems to hold that the lessor would be liable if he received a benefit from the mining operations, with knowledge of the facts, whether he did or did not reserve in the lease a control or direction over the mining operation, or whether or not he was exercising any control whatever over same, proceeding upon the theory that there was an implied duty upon him, which should be read into the lease, of seeing that the lessee so conducted the mining operations as not to injure the surface. As to this, we cannot subscribe, as the mere receipt of a royalty for the mineral even if he knows of the mining operations would not authorize or require him to interfere and control simply because he may have been the owner of the mineral, in the absence of the reservation of the right to do so under the terms of the lease.

[4] Count D of the complaint is not only involved and confusing, but, as we understand, it fails to charge a state of facts which would render this defendant legally responsible for the injury done the plaintiff. It nowhere charges that the defendant owned the mineral under the plaintiff's lot, or that the mineral under the plaintiff's lot was included in the lease. It charges that the defendant was the "owner of the mineral right in said property adjacent or near thereto." It then sets up the leasing of property and a copy of the lease which has no description of the property except by reference to a deed. It then avers that under its agreement or "otherwise" the defendant caused or allowed the Consumers' Clay Company to engage in and perform mining operations under or subjacent to plaintiff's said property as aforesaid, and that the Consumers' Company negligently removed minerals or coal or other natural formation "under plaintiff's said property." In other words, in order to hold the defendant responsible under the lease, pretermitting other questions, the Consumers' Company must have been mining on land embraced in the lease, and if the lease did not include the coal under plaintiff's lot, the defendant would not be liable for the act of said company in going beyond and mining coal on the plaintiff's lot which had not been leased to said company. From aught appearing, the Consumers' Company mined coal under the plaintiff's property, and yet there is no specific averment that while doing this it operated on lands embraced in the lease. On the other hand, if the Consumers' Company was not mining under the lease but was "otherwise" caused or allowed by the defendant to mine coal under the plaintiff's property, there are no facts charged showing any breach of duty upon the defendant in-allowing this to be done. The trial court erred in not sustaining the defendant's demurrer to count D.

[5] Count E was not subject to any of the defendant's grounds of demurrer.

For the error above pointed out, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.