ROSE T. REILLY, PLAINTIFF, v. ROSE FELDMAN,
DEFENDANT.

Submitted January 28, 1927—Decided July 23, 1927.

1. A landlord is not liable for injuries sustained by his tenant, or
   by a guest of such tenant, by reason of the defective condition
   of porch steps of the demised premises, there being no implied
   contract, or condition, in the letting of a house or lands, that
   the premises are or shall be fit and suitable for the use of the
   tenant.
2. The breach by a landlord of a contract, made with his tenant,
   to repair such parts of the demised premises as were in a de-
   fective condition does not make the landlord liable for injuries
   received by a guest of the tenant, and resulting from any of
   such defective conditions; for one who is not a party to a con-
   tract cannot sue in respect to a breach of duty arising out of it,
   unless the contract was made for his benefit.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice TREN-
CHARD.

For the rule, *Samuel P. Hagerman.*

Contra, *Albert S. Woodruff.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought by the
plaintiff to recover compensation for personal injuries received
by her under the following circumstances:

The defendant was the owner of certain premises located
on North Tenth street, in the city of Camden. She pur-
chased them subject to a lease held by a man named Mascher.
On the 26th of February, 1924, the plaintiff called upon Mrs.
Mascher, who was then occupying the premises, with her
husband, under the lease held by him. As she was coming
out of the house and down the steps of the porch, one of the

boards of the porch broke, because of its rotten condition, causing her to fall and receive the injuries which are the subject-matter of the suit. The plaintiff's claim was and is that the defendant is legally responsible for the injuries resulting to her from that fall, and that she is entitled to recover from her compensation therefor. The jury found a verdict in favor of the plaintiff, awarding her $900. The defendant thereupon applied for and obtained a rule to show cause why this verdict should not be set aside and a new trial ordered.

The facts above recited do not impose any liability upon the defendant to compensate the plaintiff for the injuries received. In the case of *Siggins* v. *McGill*, 72 *N. J. L.* 263, the Court of Errors and Appeals declared that in this state it is established as a general rule that the landlord is not liable for injuries sustained by a tenant or his family or guests by reason of the ruinous condition of the premises demised, there being in the letting of a house or lands no implied contract or condition that the premises are or shall be fit and suitable for the use of the tenants. This rule, as is pointed out in the opinion referred to, is not universal in its application, but the facts in the present case do not bring it within the exception to the rule therein indicated.

In addition to the facts already recited, there was testimony submitted showing that shortly before the accident occurred to the plaintiff the defendant called upon his tenant and notified him that unless he was willing to pay an increased rent he would have to get out at the expiration of his term; that the plaintiff replied that he would do so unless the landlord repaired the steps and other defective parts of the building, and that the landlord thereupon agreed to do this if the defendant would agree to pay the increased rent, which the tenant promised to do. It is argued on behalf of the plaintiff that even though it be held that the landlord is not liable for the injuries to the plaintiff solely because he was the owner of the leased premises, nevertheless, his promise to repair the steps and the agreement of his tenant to pay an increased rent as a consideration for such promise created an obligation, the failure to perform which made him re-

sponsible for any injuries which might occur to his tenant or the latter's family or guests because of such failure. But this contention overlooks the rule laid down by this court in the case of *Clyne* v. *Helmes,* 61 *N. J. L.* 358. In that case suit was brought by a member of the defendant's family for injuries received by her through the defective condition of a mantlepiece upon the demised premises. There was proof in the plaintiff's case that this defective condition was called to the attention of the landlord, and that he agreed with the tenant that he would immediately have it repaired and put in proper order, and that he failed to perform that agreement. Mr. Justice Depue, delivering the opinion of the court, declared that, even if it be assumed that such a contract was valid as between the landlord and his tenant, the breach of such contract would not render the former liable for injuries received by a member of the tenant's family; the reason being that one who is not a party to a contract cannot sue in respect to a breach of duty arising out of it, unless it is made for his benefit. In so holding this court followed the rule laid down in the earlier case of *Marvin Safe Co.* v. *Ward,* 46 *Id.* 19. Later cases affirming this rule are *Styles* v. *Long,* 67 *Id.* 413, 417; *S. C., on appeal,* 70 *Id.* 301; *Cochran* v. *Public Service Electric Co.,* 97 *Id.* 480.

For the reasons indicated, the rule to show cause will be made absolute.