ELIZABETH H. WRIGHT, PLAINTIFF-RESPONDENT, v. A. J. M. HOLDING COMPANY, A NEW JERSEY CORPORATION, AND THE CITY OF NEWARK, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANTS-APPELLANTS.

Argued January 19, 1943—Decided June 11, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-respondent, *Joseph J. Corn.*

For the defendant-appellant A. J. M. Holding Company, *Lum, Fairlie & Wachenfeld (Charles S. Barrett, Jr.,* of counsel).

For the defendant the City of Newark, *Raymond Schroeder (Thomas M. Kane,* of counsel).

The opinion of the court was delivered by

PORTER, J.   The plaintiff has a judgment in an action for personal injuries, suffered in a fall on a sidewalk, against the owner of the adjacent property and the City of Newark. Both defendants appealed.

It appears that the premises were used as an automobile service station with concrete driveways over the sidewalk to and from the gasoline pumps located near the building. The premises had been owned by an individual who in 1931

rented them by oral agreement to the tenant who since 1935 has conducted this service station. In 1938 the premises were conveyed to the defendant corporation. The plaintiff was employed in a neighboring building. In going to her work the morning of November 28th, 1940, she fell on the sidewalk of the service station at a point where she says there was a depression. She testified that she knew that the depression was there, but says that she did not see it when she fell because of a fall of snow which covered it. There is some testimony that the plaintiff did not fall into the depression nor near it, but slipped and fell on the sidewalk because of the snow and ice thereon. About a year previously the City of Newark dug a trench along the sidewalk of this street for the purpose of laying underground conduits for a traffic control system. Because of the cold weather the work of completing the restoration of the sidewalk, which was of concrete, was not done at that time. The trench at this area was about 6 feet long and 2 feet wide. It was filled in and roughly concreted at the surface, but not made smooth and flush with the surrounding area, there being a depression left of from $\frac{1}{4}$ inch to $1\frac{1}{2}$ inches. Why the work was not completed later, does not appear. The tenant, a corporation, was also made a party defendant, and there was testimony that the depression had been slightly enlarged during the intervening year by automobiles being driven over it, going into or leaving the station. We are not concerned, however, with the question of the tenant's responsibility, because the jury found no verdict against it.

Taking up the appeal of the owner first, we conclude that the learned trial judge erred in submitting that issue to the jury. These entire premises were leased. The owner retained no part under its control. It was under no duty to maintain the premises. It made no repairs and was not under contract to do so. There was some testimony of conversations between the president of the defendant corporation and the tenant, indicating a promise to make certain repairs. But that was without consideration and not binding on the corporation. *Rosenberg* v. *Krinick*, 116 *N. J. L.* 597; 186 *Atl. Rep.* 446. Even if that were not so, the failure of the landlord

to keep his promise does not inure to the benefit of a third party. *Reilly* v. *Feldman,* 103 *N. J. L.* 517; 138 *Atl. Rep.* 307. The condition of this sidewalk was a nuisance but not created by the landlord and not existing at the time of the leasing; nor was the landlord a party to its continuance. True, the president of the defendant corporation did request the city to abate the nuisance by completing the work, but that fact did not create any obligation or duty on its part. *Wasilewski* v. *McGuire Art Shop,* 117 *N. J. L.* 264; 187 *Atl. Rep.* 530; *Britton* v. *The Donwin Realty Corp.,* 123 *N. J. L.* 540; 10 *Atl. Rep.* (2d) 262; *Starr* v. *Adelphia Holding Corp.,* 124 *N. J. L.* 521; 12 *Atl. Rep.* (2d) 668. We think the learned trial judge erred in not directing a verdict for the defendant owner, and the verdict against that defendant must be reversed.

Considering the appeal of the city, the facts clearly show that this sidewalk was excavated by the city and left in an uncompleted condition. There was a depression which, in the intervening year by ordinary wear, became slightly wider and deeper. It was for the jury to say whether this constituted a nuisance and whether the city or the tenant had created or maintained it. We conclude that the proofs fully sustain the jury's finding that the nuisance was created by the city and was an act of active wrongdoing. *Allas* v. *Borough of Rumson,* 115 *N. J. L.* 593; 181 *Atl. Rep.* 175, and cases therein cited.

The city argues that it was error for the court to have allowed an amendment of the complaint during the course of the trial. We think not. The complaint charged the city with excavating a sidewalk and then negligently filling the hole. The amendment alleged no additional facts but charged the city with active wrongdoing in the creation of a public nuisance. The original complaint fully apprised the city of its alleged wrongdoing. The element of surprise was entirely lacking. We think its rights were not prejudiced. The city also argues that the court was in error in permitting two questions to be answered, directed to the city engineer, who had charge of the work, with respect to the fact that the city did at the request of the president of the defendant cor-

poration complete the work after the plaintiff was injured. There were two questions to this effect addressed to this witness on cross-examination which were objected to and not answered. Later on the same information was solicited by other questions to which no objection seems to have been made. Assuming, however, that objections had been made, we think that the information sought was properly admissible to show the prior condition and also that the city was in control of that work; because this witness had already testified that the city had not completed the work at the time when it was done and had not yet done so up to the time of the accident, although it had intended to return when weather conditions permitted.

Whether or not the plaintiff fell because of this depression in the sidewalk, or at some other place and because of some other condition, and whether or not she herself, with full knowledge of the condition, was guilty of contributory negligence or assumption of risk were factual questions and were properly left to the jury.

The judgment will be reversed as to the A. J. M. Holding Company and affirmed as to the City of Newark, with costs.